Eva DOUCETTE, et al., Plaintiffs,

v.

H. Rollin IVES, et al.,
Defendants. (Two Cases)

Civ. Nos. 88–0263–P, 88–0233–B.

United States District Court,
D. Maine.

Sept. 14, 1990.

James R. Crotteau, Pine Tree Legal Assistance, Machias, Me., Roberta Ouellette, Pine Tree Legal Assistance, Portland, Me., for plaintiffs.

Joyce Elise McCourt, Asst. Regional Counsel, Dept. of HHS, Office of Gen. Counsel, Boston, Mass., David R. Collins, Asst. U.S. Atty., Portland, Me., for Bowen.

Christopher C. Leighton, Asst. Atty. Gen., Human Services Section, Augusta, Me., for Ives.

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

GENE CARTER, Chief Judge.

In this case Defendant Ives seeks an order modifying the Court's judgment of August 1, 1990, in which it certified the Plaintiff class and awarded declaratory and notice relief to that class. 744 F.Supp. 23.

The Court granted the motion for class certification based on its belief that Defendant had not filed an objection to the motion. Defendant Ives now seeks to have the Court redefine the class entitled to relief as those individuals who would be entitled to a gap payment based on the States' receipt of income tax offsets on or after August 1, 1990, the date of the Court's order. The class certified was defined as

> All families in the State of Maine
> (a) whose right to receive child support from an absent parent in any month since November 1985, has been or will be assigned to DHS as a condition for their receipt of AFDC benefits;

Defendant Ives seeks the modification in order to prevent the award of what he views as retroactive relief, barred by the Eleventh Amendment and the doctrine of sovereign immunity. Plaintiffs argue that Defendant has waived these defenses.

In his answer to Plaintiff Doucette's class action complaint brought initially in this Court, and in his answer to Plaintiff's amended complaint, Defendant Ives asserted the defense of sovereign immunity. In response to Plaintiff's motion for class certification, Defendant Ives did not submit an objection supported by a separate memorandum, as required by Local Rule 19(c). Rather, he submitted only a memorandum which was stapled to the answer.[1] Because of this sloppy practice, the memorandum was never separately docketed, and the Court in rendering its decision believed that the motion for class certification was not opposed. The memorandum, which was not located until the motion for reconsideration was filed, contained an extensive discussion of the sovereign immunity and Eleventh Amendment issues Defendant now seeks to raise. Because of the jurisdictional nature of the objections to portions of the class, the Court will reconsider the motion for class certification.

In *Green v. Mansour,* 474 U.S. 64, 65, 106 S.Ct. 423, 424, 88 L.Ed.2d 371 (1985), the Supreme Court made clear that the Eleventh Amendment prohibited declaratory judgments and notice relief against state defendants when the claim made against them is solely that their prior conduct violated federal law. Because the class proposed by Plaintiffs includes persons who would have been entitled to a gap payment in any month since November 1985, it necessarily includes families whose only complaint is that Defendants, at some time in the past, violated federal law with respect to a determination of their benefits. Under the teaching of *Green,* these families are not entitled to the declaratory relief sought. Rule 23(b)(2) of the Federal Rules of Civil Procedure, which governs certification of class actions of the type proposed here, provides that the injunctive or declaratory relief sought must be appropriate to the class as a whole. Thus, the families who complain only of past violations should not be included in the class.

Plaintiffs mistakenly rely on *Green* for the proposition that anyone who suffered injury in the past as a result of the regulation now found to be invalid can be part of the class because the violation of federal law by Defendants was continuing as to other putative class members. While the Supreme Court stated in *Green* that where there is a continuing violation of federal law, a declaratory judgment can issue even though the declaration may imply that similar violations occurred in the past, *Green,* 474 U.S. at 74, 106 S.Ct. at 429, in that *dictum, Green* did not address the issue of who, prospectively, might be a proper Plaintiff or who might properly be included in a Plaintiff class. Rule 23(b)(2) and *Green* indicate that the Plaintiff class should be confined to those families who were wrongfully being denied gap payments at the time of the filing of the suit and the motion for class certification.[2]

---

1. The Court notes, too, that even if Defendant had filed a proper opposition, it would have been untimely, for Local Rule 19(c) requires filing of an opposition within 10 days of the filing of the motion.

2. In his October 17, 1988 memorandum responding to the motion for class certification, Defendant Ives stated:
   The Court should be aware that the State Defendant is working with Pine Tree Legal

 

Plaintiffs argue that Defendant Ives waived the defense of sovereign immunity by removing Civ. No. 88–0233–B to this Court. Although in certain instances a waiver might be effected by removal by a State Defendant, *see M.A.I.N. v. Petit*, 659 F.Supp. 1309 (D.Me.1987); *Newfield House, Inc. v. Massachusetts Department of Public Welfare*, 651 F.2d 32 (1st Cir. 1981), there was no such waiver here. Defendant Ives asserted the defense of sovereign immunity in his answers both to the original class action complaint brought in this Court and to the amended complaint. He detailed the argument in his ineffectually-presented opposition to Plaintiff's motion for class certification. Defendant should have reiterated the sovereign immunity and Eleventh Amendment issues again in a brief on the merits since Plaintiffs were seeking a type of relief he claimed was unavailable. The Court, however, cannot find a waiver of the defense in the circumstances of this case.

Accordingly, it is *ORDERED* that Defendant's motion for reconsideration is hereby *GRANTED.* The Court's order of August 1, 1990, certifying a Plaintiff class is hereby *VACATED.* The Court hereby *CERTIFIES* a Plaintiff class defined as follows:

All families in the State of Maine receiving AFDC benefits on September 6, 1988 [3]

(a) whose right to receive child support from an absent parent from that date on has been or will be assigned to DHS as a condition for their receipt of AFDC benefits;

(b) on whose behalf DHS has received or will receive federal tax refund offsets under 42 U.S.C. § 664(a) as a result of such assignment; ·and

(c) to whom DHS has failed or will fail to pass through a gap payment to which the AFDC family would be entitled pursuant to 42 U.S.C. § 602(a)(28).

The proposed class notice should be modified to reflect changes required by the change in the definition of the class.

SO ORDERED.

---

[Plaintiffs' counsel] to prepare a list of individuals who have a present claim for "GAP" payments from federal income tax offsets. It is anticipated that the State Defendant and Pine Tree Legal will prepare a list of individual Plaintiffs who may be able to avail themselves of any relief afforded by Plaintiff's lawsuit in this matter.

**3.** The Court's order is *nunc pro tunc* to the date the motion for class certification was filed. In framing the class, the Court finds this the fairest solution because Plaintiff Doucette had tried to assert the claims of the class then, and the State Defendants affirmatively acknowledged that persons with a then-present claim for gap payments would be entitled to relief as a result of the lawsuit, if the regulation were invalidated. *See* note 2, *supra.* Partially because of the Defendant's misfiling of its opposition to the motion for certification and partially because of the Court's heavy docket, the motion for class certification was not acted upon until August 1990. Had the class been certified in its present form in 1988, the Court would see no reason to modify it now. It seems unfair, therefore, to penalize the class members for whom relief was sought two years ago because of delay in the Court's proceedings.