**Jose Tapia TRINIDAD,**
**Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 90–2051.**

United States Court of Appeals, First Circuit.

Submitted Jan. 25, 1991.

Decided June 6, 1991.

---

**14**

Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for plaintiff, appellant.

Daniel F. Lopez Romo, U.S. Atty., Jose Vazquez Garcia, Asst. U.S. Atty., and Donna C. McCarthy, Asst. Regional Counsel, Dept. of Health and Human Services, on brief for defendant, appellee.

Before CAMPBELL, SELYA and CYR, Circuit Judges.

PER CURIAM.

Following a district court order remanding his claim to the Secretary of Health and Human Services for further proceedings, Jose Tapia Trinidad was awarded Social Security disability benefits. He then applied for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court determined that an award of fees was warranted, but granted only one-tenth of the amount requested—cutting plaintiff's proposed hourly rate in half and refusing to provide any compensation for the post-remand agency proceedings. Plaintiff now appeals, challenging these reductions in his requested award. We vacate the judgment in part and remand for further proceedings.

## I.

The procedural background can be briefly recounted. Plaintiff applied for benefits in September 1986, claiming disability due to heart, back, and nerve ailments. His claim was successively denied by the agency, by an Administrative Law Judge (ALJ) following a hearing, and by the Appeals Council, and plaintiff appealed to the district court. Some months later, before any substantive motions or memoranda had been filed, the Secretary requested, and the district court ordered, that the action be remanded to the agency so as "to update the medical record and to obtain testimony from a vocational expert." On remand, after conducting a supplemental hearing (at which plaintiff, a medical advisor, and a vocational expert testified), the ALJ again recommended that the claim be denied. The Appeals Council, however, this time disagreed with the ALJ's recommendation. Relying on the testimony of the medical advisor, and crediting plaintiff's complaints of pain, it concluded that plaintiff had been disabled since June 25, 1986 and that an award of benefits was warranted. In light of this ruling, the district court, pursuant to the Secretary's motion, subsequently entered a judgment dismissing the action.

Following the Appeals Council's decision, plaintiff submitted a request for attorneys' fees under the EAJA. The amount requested—$2,076.37—was based on 24.5 hours and a rate of $84.75 per hour. The hourly rate reflected the statutory standard of $75 per hour (discussed *infra*) plus a thirteen percent cost-of-living adjustment. The number of hours, as documented in an itemized statement from counsel, reflected work performed both in the district court and during the post-remand administrative proceedings. In response, the Secretary did not dispute the appropriateness of a fee award or the number of hours expended; he objected solely on the ground that the requested hourly rate was excessive. The district court concurred, noting that plaintiff's submissions to the court were merely "boilerplate," devoid of "novelty" or "individuality"; it concluded that a rate of $40 per hour was reasonable. Of the 6.75 hours claimed by plaintiff's attorney with respect to the district court appeal, the court deemed 5.5 hours to have been reasonably expended. And, even though the government had not objected thereto, the court declined to award fees for the work performed before the agency. An award of $220 was therefore ordered.

Plaintiff now contends that the court abused its discretion in (1) excluding from its award the time spent in the post-remand agency proceedings, and (2) cutting his requested hourly rate in half.

## II.

■ The EAJA provides in relevant part as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Once a claimant has established "prevailing party" status,[1] therefore, the government can defeat a fee award only by demonstrating that its position was "substantially justified" or that "special circumstances" make an award unjust. *See, e.g., Commissioner, I.N.S. v. Jean,* — U.S. —, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); *McDonald v. Secretary of Health and Human Services,* 884 F.2d 1468, 1469–70 (1st Cir.1989); *see also, e.g., Love v. Reilly,* 924 F.2d 1492, 1495 (9th Cir.1991) (government has burden of proving substantial justification or special circumstances); *De Allende v. Baker,* 891 F.2d 7, 12 (1st Cir.1989) (same). If the government can make neither showing, an award of fees to a prevailing party is "mandatory." *Love,* 924 F.2d at 1495; *accord, e.g., Russell v. Sullivan,* 930 F.2d 1443, 1445, (9th Cir.1991); *Smith by Smith v. Bowen,* 867 F.2d 731, 734, 735 (2d Cir. 1989); *McDonald,* 884 F.2d at 1469 (if eligibility criteria met, government "must foot the legal bills of its adversaries in civil cases").

■ In the instant case, the government did not dispute plaintiff's status as a prevailing party, and did not contend either that its position was substantially justified or that an award would be unjust because of special circumstances. Nor did the government oppose plaintiff's request for attorney's fees in connection with the work performed during the agency proceedings on remand. The district court, nonetheless, denied this request, "inasmuch as evaluating such efforts would be purely speculative." It suggested instead that plaintiff "directly petition the agency for those fees." We think the court abused its discretion in this regard.

In *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the Supreme Court addressed this very issue, ruling that a Social Security claimant was entitled to attorney's fees in connection with administrative proceedings held pursuant to a district court order remanding the action to the Secretary. Pointing to the "unusual" degree of "direct interaction" between the court and agency contemplated by the judicial review provisions of the Social Security Act, 42 U.S.C. § 405(g), the Court concluded that the EAJA's reference to "civil action" encompassed the remand proceedings. *Id.* at 885, 109 S.Ct. at 2254. The Court cited several factors in reaching this conclusion. First, whether the claimant attained "prevailing party" status was contingent on the successful completion of the remand proceedings. Second, there would often be no "final judgment," as that term is used in the EAJA, *see* note 1 *supra,* until the proceedings on remand were completed. Third, the district court had included specific instructions in its remand order, and had retained jurisdiction over the case. Finally, the remand proceedings were "crucial to the vindication of [claimant's] rights," *id.* at 889, 109 S.Ct. at 2256, *quoting Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 561, 106 S.Ct. 3088, 3096, 92 L.Ed.2d 439 (1986), and the services of an attorney on remand were "necessary ... to ensure compliance with the district court's order." 490 U.S. at 889, 109 S.Ct. at 2256. For these reasons, the proceedings on remand were so "intimately tied to the resolution of the judicial action and

---

1. The claimant must also submit a fee application to the court "within thirty days of final judgment in the action," accompanied by an itemized statement documenting the time ex-

pended and the rate at which fees are computed. 28 U.S.C. § 2412(d)(1)(B). The government has not contested the timeliness of plaintiff's application here.

necessary to the attainment of the results Congress sought to promote by providing for fees" that they could be considered "part and parcel of the action for which fees may be awarded." *Id.* at 888,[2] 109 S.Ct. at 2255.

While it is thus clear that attorney's fees may be awarded for Social Security remand proceedings, it is less clear under what circumstances a district court can decline to make such an award. Two concluding comments by the *Hudson* Court bear on this question. The Court first observed:

> Where a court finds that the Secretary's position on judicial review was not substantially justified within the meaning of the EAJA, ... *it is within the court's discretion to conclude that representation on remand was necessary* to the effectuation of its mandate and to the ultimate vindication of the claimant's rights, and that an award of fees for work performed in the administrative proceedings is therefore proper.

*Id.* at 890, 109 S.Ct. at 2257 (emphasis added). And in its closing paragraph, the Court stated:

> We conclude that where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, *the proceedings on remand are an integral part of the "civil action" for judicial review and thus attorney's fees for representation on remand are available* subject to the other limitations in the EAJA.

*Id.* at 892, 109 S.Ct. at 2258 (emphasis added).

The government points to the first quoted statement to argue that a district court retains considerable discretion under *Hud-*

*son* to determine whether fees for post-remand proceedings should be awarded, and that the district court here acted well within that discretion in declining to do so. With the second half of this contention at least, we disagree. The reasons cited by the district court in explaining its refusal to award such fees seem not at all pertinent to the *Hudson* analysis. It is unclear what the court meant when it characterized as "purely speculative" any attempt to evaluate counsel's efforts on remand. To the extent it was referring to the task of determining what hours were reasonably expended, counsel's affidavit seems sufficiently detailed. And to the extent that the court felt unequipped to gauge the necessity of representation on remand, this would seem precisely the sort of district court inquiry contemplated by *Hudson.* The court's second comment—that plaintiff should "directly petition the agency" for attorney's fees—appears equally misplaced. Courts have made clear that the availability of attorney's fees under the Social Security Act, 42 U.S.C. § 406, does not preclude an award of fees under the EAJA. *See, e.g., Russell,* 930 F.2d at 1446; *Jankovich v. Bowen,* 868 F.2d 867, 870–71 (6th Cir.1989); *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986). An award of fees under the Social Security Act is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government. Where fees are awarded under both provisions, the EAJA compensation therefore serves as a reimbursement to the claimant for fees paid out of the disability award. *See, e.g., Jankovich,* 868 F.2d at 870–71. And double recovery is prevented in that the attorney must refund the amount of the smaller fee to the claimant. *Id.* at 871 n. 1. Contrary to the district court's suggestion, the two provisions are not mutually exclusive.[3]

---

**2.** As discussed in *Sullivan v. Finkelstein,* — U.S. —, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the judicial review provisions of the Social Security Act encompass two distinct forms of remand— one contained in the fourth sentence of 42 U.S.C. § 405(g), and the other contained in the sixth sentence. *Hudson* involved a "sixth sentence remand" (as does the instant case) and arguably does not extend to a "fourth sentence

remand." *See Wilson v. Sullivan,* 751 F.Supp. 1281, 1284–85 & n. 2 (N.D.Ill.1990).

**3.** It should be mentioned that the cases cited in the text address the interplay between the EAJA and 42 U.S.C. § 406(b), which provides for an award of attorney's fees following a favorable *court* judgment. The district court here presumably was referring to § 406(a), which per-

■ In resting its decision on such factors, therefore, the district court abused its discretion. *See, e.g., Independent Oil & Chemical Workers v. Procter & Gamble Manuf. Co.*, 864 F.2d 927, 929 (1st Cir. 1988) (abuse of discretion occurs "when an improper factor is relied upon"). The question remains whether we should now direct the district court (1) to award fees for the agency proceedings, or (2) to consider anew whether such fees would be appropriate. The second *Hudson* statement quoted above suggests that where, as here, a district court has remanded a case to the Secretary while retaining jurisdiction, attorney's fees should ordinarily be awarded. *See, e.g., Willis v. Sullivan*, 931 F.2d 390, (6th Cir.1991) (reversing district court and awarding fees under *Hudson* for representation during remand proceedings). Yet the first quoted statement leaves open the possibility that, even under such circumstances, representation on remand may not have been "necessary to the effectuation of [the district court's] mandate and to the ultimate vindication of the claimant's rights." *Hudson*, 490 U.S. at 890, 109 S.Ct. at 2257; *see also Delaware Valley*, 478 U.S. at 561, 106 S.Ct. at 3096 ("the work must be 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation") (quoting *Webb v. Dyer County Board of Educ.*, 471 U.S. 234, 243, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985)). While a finding that counsel's work was not "necessary" in this sense would seem a rarity in the context of Social Security remand proceedings, we cannot deem it foreclosed in the instant case. Based on the record before us, counsel's efforts on remand appear to have contributed little to the ultimate ruling in plaintiff's favor. The ALJ noted that, although the remand order mentioned the desirability of obtaining updated medical evidence, counsel submitted none. And as the Appeals Council remarked, counsel filed no written objections or comments

regarding the ALJ's recommended decision; the Appeals Council assumed jurisdiction of the case on its own volition, *see* 20 C.F.R. § 404.984(c), and ruled in favor of plaintiff without input from counsel.

The one area where counsel apparently did provide a substantive contribution was in the examination of witnesses at the supplemental hearing. And the Appeals Council did focus on this testimony, particularly that of the medical advisor, in reaching its decision. Yet the transcript of this hearing has not been included in the record on appeal, and so we are unable to assess the degree to which counsel's participation was "necessary ... to the ultimate vindication" of plaintiff's rights. We therefore remand the matter to the district court for a determination of this issue. Should the court find that counsel's work contributed to the favorable Appeals Council ruling, an appropriate fee award should be made, both for the work on remand and for the relevant portion of the fees litigation, including this appeal. *See, e.g., Jean*, 110 S.Ct. 2316; *McDonald*, 884 F.2d at 1480–81. Should the court find to the contrary, of course, no fee award for any of this work would be warranted. We also note that the effectiveness and quality, or lack thereof, of counsel's work may be reflected in the amount of the award. *See infra.*

### III.

■ Plaintiff's second argument—challenging the reduction in the requested hourly rate with respect to his counsel's work in district court—can be more summarily addressed. The EAJA provides in this regard as follows:

"[F]ees and other expenses" includes ... reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $75 per hour unless the court

---

mits the *Secretary* to award a reasonable attorney's fee following a favorable agency determination. Yet to the extent § 406(a)—rather than § 406(b)—might apply in the instant context (a matter as to which we express no opinion), we

think the same considerations would control—such that the availability of fees under this provision would provide no basis for refraining from making an award under the EAJA.

determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C. § 2412(d)(2)(A). Plaintiff requested a rate of $84.75 per hour, reflecting the statutory maximum of $75 per hour plus a thirteen percent cost-of-living increase. The court instead awarded $40 per hour. We find this determination well within the court's discretion. *See Pierce v. Underwood,* 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988) (amount of attorney's fee award reviewed under abuse of discretion standard). Counsel's only court submission was the complaint, which the district court justifiably characterized as "boilerplate." The remaining time was expended on largely ministerial tasks. Overall, counsel's work prior to the remand order entailed little if any substantive analysis or other "core" legal work. Under these circumstances, we think the court's award of $40 per hour was warranted.[4]

*Vacated in part and remanded for further proceedings. Each party to bear its own costs.*

---

**4.** Given this conclusion, we need not address plaintiff's argument concerning the court's re-

fusal to award a cost-of-living adjustment.