Eva DOUCETTE, et al., Plaintiffs,

v.

Louis W. SULLIVAN, M.D., Secretary, United States Department of Health and Human Services, in his official capacity, and Commissioner, Maine Department of Human Services, Defendants.

Civ. No. 88–0263–P–C.

United States District Court, D. Maine.

March 2, 1992.

James Crotteau, Pine Tree Legal Assistance, Inc., Machias, Me., for Eva Doucette and Claire Lank.

Christopher Leighton, Human Services Div., Augusta, Me., for Human Services.

Joyce McCourt, U.S. Dept. of Health & Human Services, Boston, Mass., David Collins, Asst. U.S. Atty., Portland, Me., for Health and Human Services.

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES

GENE CARTER, Chief Judge.

This case involves a plaintiff class action challenge to a United States Department of Health and Human Services (hereinafter "HHS" or "Federal Defendant") regulation governing the extent to which child support payments collected on behalf of Aid to Families with Dependent Children (hereinafter "AFDC") program recipients from the absent parent through the interception of state and federal tax refunds may be retained by the state as reimbursement to the state and federal governments for past AFDC payments. The Court issued a declaratory judgment dated July 31, 1990, finding for Plaintiffs and holding that the challenged regulation, 45 C.F.R. § 232.-21(a), was invalid. *Doucette v. Ives*, 744 F.Supp. 23, 28 (D.Me.1990). The Maine Department of Human Services (hereinafter "DHS" or "State Defendant") then filed a motion for reconsideration, which the Court granted. *Doucette v. Ives*, 745 F.Supp. 763, 765 (D.Me.1990). The Court of Appeals for the First Circuit affirmed in part and reversed in part. *Doucette v. Ives*, 947 F.2d 21 (1st Cir.1991).[1]

---

1. Both Plaintiff and State Defendant appealed the revised definition of the class. The Court of Appeals for the First Circuit affirmed this Court's order invalidating the regulation in question, 45 C.F.R. § 232.21(a), to the extent that it excludes amounts collected via the state and federal tax intercepts from the scope of the gap provision; the Court's certification of the

Now before the Court is Plaintiff's Application for Attorneys' Fees, filed on November 30, 1990. Having prevailed in this Court on the merits in the underlying action, Plaintiffs now seek an award of attorneys' fees and costs totalling $16,064 payable by State Defendant, pursuant to 42 U.S.C. section 1988, and payable by Federal Defendant, pursuant to 28 U.S.C. section 2412(d). For the reasons that follow, the Court will grant Plaintiffs' Application for Attorneys' Fees with respect to both Federal and State Defendants in the amount of $14,101.50.[2]

## I. *Discussion*

### A.

Plaintiffs bring this motion for an award of costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereinafter "EAJA"). The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To be entitled to attorneys' fees and costs under the EAJA, the plaintiff must be the prevailing party, the fee request must be reasonable, the Secretary's position must not be substantially justified, and special circumstances that would make an award unjust must not exist.

### i. Prevailing Party

The EAJA provides that the "prevailing party" may seek recovery of fees

and costs. 28 U.S.C. § 2412(d)(1)(A). The Court of Appeals for the First Circuit has articulated the following standard for determining whether the plaintiff is the prevailing party: whether the plaintiff "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." *McDonald v. Secretary of Health and Human Services,* 884 F.2d 1468, 1474 (1st Cir.1989) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)).

Under the Court of Appeals for the First Circuit standard, Plaintiffs are the prevailing party here.[3] The Court granted declaratory judgment in their favor on the central issue in this action; namely, that Defendants ought to pay "gap" payments under 42 U.S.C. section 602(a)(28) from child support collected by means of the federal income tax refund offset program under 42 U.S.C. section 664. Therefore, Plaintiffs may seek recovery of attorneys' fees and costs.

### ii. Reasonable Fees

With respect to the reasonableness of the requested fees, State Defendant argues that Plaintiffs' request should be reduced by 13.6 hours, representing time spent on the case by Attorney Roberta Ouellette, because such hours were "either duplicative of another attorneys [sic] efforts or is [sic] merely review." Defendant H. Rollin Ives' Memorandum in Opposition to Plaintiffs' Application for Attorney Fees (hereinafter "Ives' Memorandum") at 3. In support, State Defendant cites *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in which the United States Supreme Court noted:

class defined as all families who were improperly denied supplemental AFDC payments as a result of the regulation on or after September 6, 1988; and this Court's grant of notice relief to the members of the class who were still eligible for AFDC at the time of the Court's judgment. It reversed the Court's grant of notice relief to class members who were no longer eligible for AFDC at the time of its judgment.

2. Federal Defendant HHS filed a response to Plaintiffs' Application for Attorney's Fees on De-

cember 20, 1991. On December 16, 1991, this Court had denied Federal Defendant's Motion for an Extension of Time in Which to Respond to Plaintiffs' Petition for Attorneys' Fees. Therefore, the Court will not consider Federal Defendant's Motion.

3. Neither State Defendant nor Federal Defendant disputes that Plaintiffs are the prevailing party in this action.

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude form a fee request hours that are excessive, redundant, or otherwise unnecessary ...

*Id.* at 434, 103 S.Ct. at 1939–40 (citations omitted). One court noted that "duplication of services by attorneys working on the same case must be avoided" but added that "the use of more than one lawyer on a case does not require an automatic reduction or a presumption that services were duplicated." *Dickerson v. City Bank & Trust Co.*, 590 F.Supp. 714, 718 (D.Kan. 1984).

The Court finds that, after a careful review of the contemporaneous time records provided by Plaintiffs' counsel, the requested hours meet the standards for detail and reasonableness delineated by the Court of Appeals for the First Circuit in *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir.1984); *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir.1982); and *King v. Greenblatt*, 560 F.2d 1024, 1027 (1st Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Moreover, the 13.6 hours worked by Attorney Ouellette that are disputed by State Defendant do not appear to be "excessive, redundant, or otherwise unnecessary." Therefore, the Court will calculate these hours as part of the total attorneys' fees requested by Plaintiffs.

State Defendant also disputes the request for reimbursement of 4.2 hours travel time on April 6, 1990 "to Orono [Maine] and return for research." Ives' Memorandum at 3–4. State Defendant argues that, absent some justification for this expenditure, it should not have to pay 4.2 hours of travel time for research.[4] Plaintiff counters that:

[L]egislative history was an important element in this litigation. The library at the University of Maine at Orono is the closest Federal Depository containing all federal legislative materials. Given the importance of legislative research in this matter, one trip to the nearest Federal Depository was entirely reasonable.

Reply Memorandum in Support of Application for Attorney's Fees (hereinafter "Reply Memorandum") at 2. The Court agrees. It finds that Plaintiffs have provided an adequate justification for the 4.2 hours of travel time and that such hours are reasonable. Therefore, the Court will calculate these hours as part of Plaintiffs' travel time at the $20–per–hour rate requested by Plaintiffs.

### iii. Substantially Justified Position

The EAJA precludes a plaintiff's entitlement to attorneys' fees if the government's position was "substantially justified" or if "special circumstances make an award unjust." *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Trinidad v. Secretary of Health and Human Services*, 935 F.2d 13, 15 (1st Cir.1991).[5] The federal defendant bears the burden of proving that its position was justified by a preponderance of the evidence. *See McDonald*, 884 F.2d at 1475; *Sierra Club v. Secretary of Army*, 820 F.2d 513, 517 (1st Cir.1987); *Yoffe*, 775 F.2d at 450. Here, Federal Defendant has made no showing that its position was substantially justified and, hence, the Court concludes that it has not met its burden in this regard. Similarly, Federal Defendant has made no showing of any "special circumstances;" and the Court

---

**4.** State Defendant also argues that, even if the travel time is reasonable, it should not have to pay for those hours at $75 per hour. Ives' Memorandum at 4. Plaintiffs concede that the travel time of 4.2 hours should be compensated at a rate of $20, not $75, per hour. Reply Memorandum at 2–3.

**5.** The Court of Appeals for the First Circuit standard for substantial justification is a three-part reasonableness test: whether the government had a reasonable basis for the facts alleged; whether it had a reasonable basis in law for the theories advanced; and whether the facts supported its theory. *See United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir.1985). *See also De Allende v. Baker*, 891 F.2d 7, 11–12 (1st Cir.1989).

finds that none exist that would make an award "unjust."

In sum, the Court finds that Plaintiffs, as the prevailing party, meet the requirements for an award of attorneys' fees and costs under the EAJA and, therefore, they shall receive such an award.

## B.

■■■ Plaintiffs also seek an award of reasonable attorneys' fees and costs payable by State Defendant under 42 U.S.C. section 1988. Section 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of [section 1983], . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. section 1988 (1989) (citations omitted). *See also Grendel's Den,* 749 F.2d at 950. Section 1988 requires that the action be brought under one of the statutes specified therein, such as section 1983. This action against State Defendant was explicitly based upon 42 U.S.C. section 1983. *See* First Amended Complaint, ¶ 5.

The Court's discretion to grant attorneys' fees under section 1988 is predicated upon the standard that "a successful plaintiff ordinarily recovers an attorney's fee unless special circumstances would render such an award unjust." *Sargeant v. Sharp,* 579 F.2d 645, 647 (1st Cir.1978) (citation omitted) (quoting *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). Under section 1988, then, the Court will grant reasonable attorneys' fees to Plaintiffs as the prevailing party absent a strong showing of special circumstances by State Defendant. *See Martin v. Heckler,* 773 F.2d 1145, 1150 (11th Cir.1985).[6]

Here, similar to its finding under the EAJA, the Court finds no such special cir-

cumstances. State Defendant even acknowledges that it is not advancing any such circumstances in this case, and does not dispute the award of attorneys' fees to Plaintiffs. Accordingly, the Court concludes that Plaintiffs are entitled to an award of reasonable attorneys' fees by State Defendant under 42 U.S.C. section 1988.

## C.

The Court of Appeals for the First Circuit has adopted the "lodestar" approach in determining the amount of reasonable attorneys' fees to be awarded. *See Furtado v. Bishop,* 635 F.2d 915, 920 (1st Cir.), *remanded,* 604 F.2d 80, *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980); *Sierra Club v. Marsh,* 639 F.Supp. 1216, 1219 (D.Me.1986), *aff'd sub nom., Sierra Club v. Secretary of Army,* 820 F.2d 513 (1st Cir.1987). The Court must determine the "lodestar," that is, the amount of attorneys' fees, calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Once it determines the "lodestar," the Court determines whether any downward or upward adjustments are applicable to the case. *See Furtado,* 635 F.2d at 920.[7]

Plaintiffs seek attorneys' fees for two attorneys who have been involved in this action, namely, James R. Crotteau and Roberta Ouellette. Crotteau, lead counsel, has requested that Pine Tree Legal Services, Inc. (hereinafter "PTLS") be awarded $12,310, representing 123.1 hours of work at $100 per hour. Ouellette has requested that PTLS be awarded $3,390, representing 33.9 hours of work at $100 per hour. In addition, Plaintiffs seek $244 in travel time (12.2 hours at $20 per hour), and $120 in costs (filing fee). In total, Plaintiffs seek $16,064 in attorneys' fees and costs.

■■■ The Court finds that the requested number of hours are reasonable and will

---

6. The Court has already established that Plaintiffs are the prevailing party in this action.

7. In *Furtado,* the court noted certain factors warranting upward or downward adjustments, including "the contingent nature of any fee (if such is not reflected in the hourly rate), delay in

payment, quality of representation (i.e., an unusually good or poor performance above or below the skill already reflected in the hourly rates), exceptional (and unexpected) results obtained . . ." 635 F.2d at 920.

award attorneys' fees based on those hours, but it further finds that no upward or downward adjustments are warranted. With respect to hourly rates, however, the Court will not award an hourly rate of $100 for all requested hours. Under the EAJA, attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiffs have not provided the Court with any supporting affidavits or other information to justify an increase in the statutory cap of $75, based either on a demonstrable increase in the cost of living since the date of the EAJA's effectiveness or a "special factor." [8] In the absence of such showing under either statutory exception, *see Pierce*, 487 U.S. at 571–73, 108 S.Ct. at 2553–54; *Wells v. Bowen*, 855 F.2d 37, 42–43 (2d Cir.1988), the Court concludes that it will not exceed the $75 per hour rate for Federal Defendant. *Cf. Sierra Club*, 820 F.2d at 523.

■ No such statutory cap exists with respect to awards of attorneys' fees under 42 U.S.C. section 1988. In light of the Memorandum of Understanding Regarding Section 1988 Attorney Fees between Plaintiffs and State Defendant, the Court concurs with Plaintiffs that the appropriate hourly rate to be paid by State Defendant is $100. *See* Supplemental Affidavit of James R. Crotteau, Attachment.[9]

■ Given that different rates will apply to Federal and State Defendants, separate calculations are necessary to determine the award payable by State Defendant under section 1988 and by Federal Defendant under section 2412(d). In determining the allocation of the award payable by State and Federal Defendants, the Court finds that, in light of Plaintiffs having prevailed against both State and Federal Defendants, it is appropriate to divide equally between State and Federal Defendants both the hours upon which the attorneys' fees are based, and costs representing the filing fee and travel time.[10] Thus, with respect to attorneys' fees, the Court will divide by two the number of hours spent by each attorney, attributing one-half each to State and Federal Defendants. These figures will then be multiplied by the appropriate hourly rate to determine the award for attorneys' fees attributable to each Defendant for each attorney.[11]

---

8. Plaintiffs' counsel originally requested $75 per hour in attorneys' fees. The sole reference to an increase in the hourly rate to $100 was contained in the Supplemental Affidavit of James R. Crotteau, which states:

> The final item I wish to address is the hourly rate we are seeking. Pursuant to an agreement between Pine Tree and the Attorney General's office, $100/hr. is deemed a reasonable rate for attorneys with more than seven years experience. A copy of that agreement is attached hereto. Since both Roberta Ouellette and myself had more than seven years experience for the entire time this matter has been in litigation, we are requesting fees at the $100/hr. rate.

Crotteau Supplemental Affidavit, ¶ 9.

9. The Memorandum states in pertinent part:

> In cases where attorney fees are appropriate, the parties agree that for attorneys with up to seven (7) years experience, the rate of recov-

ery will be $85.00 per hour, and for attorneys with seven (7) or more years of experience, $100.00 per hour. The parties agree that travel time will be paid for at a rate of $20.00 per hour.

The Court is satisfied that both Attorneys Crotteau and Ouellette meet the criterion for reimbursement at $100 per hour for attorneys' fees.

10. The Court has had prior occasion to make an equal allocation of attorneys' fees and costs between a state and federal defendant. *See Wilcox v. Ives*, No. 85–0342–P, slip op. at 17, 1989 WL 268345 (D.Me. July 28, 1989). The relevant case, however, cannot be cited here due to the strict rule of the Court of Appeals for the First Circuit regarding citation of unpublished opinions.

11. The Court will calibrate the hourly rate, based upon the statutory allowance under section 1988 and under the EAJA.

The calculation for attorneys' fees are as follows:

Crotteau: 123.1 hours÷2 = 61.55 hours per Defendant
Ouelette: 33.9 hours÷2 = 16.95 hours per Defendant

Total fee award payable by State Defendant:

| | | |
|---|---|---|
| Crotteau: | 61.55 hours × $100/hour= | $6,155.00 |
| Ouellette: | 16.95 hours × $100/hour= | $1,695.00 |
| Total attorneys' fees: | | 7,850.00 |

Total fee award payable by Federal Defendant:

| | | |
|---|---|---|
| Crotteau: | 61.55 hours × $75/hour | = $4,616.25 |
| Ouellette: | 16.95 hours × $75/hour | = $1,271.25 |
| Total attorneys' fees: | | $5,887.50 |

---

With respect to costs, the filing fee of $120 will be divided equally between State and Federal Defendants, for a total of $60 for each Defendant. Travel time totalling $244 will also be divided equally between State and Federal Defendants, for a total of $122 in travel time for each Defendant. Thus, costs for each Defendant total $182.

## II. *Order*

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Application for Attorneys' Fees and Costs be, and it is hereby, GRANTED in the total amount of Fourteen Thousand One Hundred and One Dollars and Fifty Cents ($14,101.50), and it is hereby ORDERED: (1) that State Defendant DHS pay to Plaintiffs' counsel a reasonable award of attorneys' fees in the amount of Seven Thousand Eight Hundred Fifty Dollars ($7,850), and costs in the amount of One Hundred Eighty–Two Dollars ($182), for a total of Eight Thousand Thirty–Two Dollars ($8,032); and (2) that Federal Defendant HHS pay to Plaintiffs' counsel a reasonable award of attorneys' fees in the amount of Five Thousand Eight Hundred Eighty–Seven Dollars and Fifty Cents ($5,887.50), and costs in the amount of One Hundred Eighty–Two Dollars ($182), for a total of Six Thousand Sixty–Nine Dollars and Fifty Cents. Judgment to enter.