March 22, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1734

 FORTUNATO LOPES,
 Plaintiff, Appellant,

 v.

 SECRETARY OF HEALTH AND HUMAN SERVICES,
 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Joseph L. Tauro, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

 Richard W. Lubart on brief for appellant.
 
 A. John Pappalardo, United States Attorney, and William L.
 
Parker, Special Assistant United States Attorney, on brief for
 
appellee.

 

 

 Per Curiam. Attorney Richard Lubart, having obtained an
 

award of Social Security benefits for his client (the

plaintiff here), challenges an award of attorney's fees under

 206(b) of the Social Security Act, 42 U.S.C. 406(b). The

district court ordered that the entire 206(b) award of

$4,353.25 be remitted by Lubart to his client, given the fact

that a larger fees award had previously been granted to

Lubart under the Equal Access to Justice Act (EAJA), 28

U.S.C. 2412(d). See, e.g., Pub. L. No. 99-80, 3, 99
 

Stat. 186, amending Pub. L. No. 96-481, 206 (codified as
 

note to 28 U.S.C. 2412) ("where the claimant's attorney

receives fees for the same work under both [ 206(b) and

EAJA], the claimant's attorney [shall] refund[] to the

claimant the amount of the smaller fee").1 Lubart now

argues that he should be permitted to retain $304.43 of this

award for himself--an amount corresponding to 2.5 hours

which, he states, were not included in the earlier EAJA

award. This argument fails for several reasons. 

 Lubart misconceives the nature of the EAJA offset

provision. As would appear plain from the statutory language

 

1. As we explained in Trinidad v. Secretary of HHS, 935 F.2d
 
13, 16 (1st Cir. 1991) (per curiam): "An award of fees under
[ 206(b)] is deducted from the claimant's disability
benefits, whereas an EAJA award is paid separately by the
government." It is for this reason that an attorney may
request fees under both provisions; "the EAJA compensation
... serves as a reimbursement to the claimant for fees paid
out of the disability award." Id.
 

 -2-

quoted above, this mechanism requires simply that the smaller

of the two fees awards be remitted to the client. The House

Report accompanying the 1985 enactment made the point even

more clearly:

 [T]he EAJA award should be used as a set off to
 reduce the payment which the claimant would
 otherwise owe the attorney. Thus, ... an attorney
 
 for a Social Security or SSI claimant would be
 
 precluded from receiving both EAJA and Social
 
 Security Act fees. Without this amendment it was
 
 argued, "double dipping" was possible. Such double
 payments are inappropriate and deprive[] the
 plaintiff of the benefits intended by EAJA....
 [T]he attorney [is permitted] to seek recovery
 under both authorizations. The attorney, however,
 
 may keep the larger fee, but must return the amount
 
 of the smaller fee to the claimant.
 

H. Rep. No. 99-120, at 20, reprinted in 1985 U.S.C.C.A.N.
 

132, 148-49 (emphasis added). See, e.g., Trinidad v.
 

Secretary of HHS, 935 F.2d 13, 16 (1st Cir. 1991) (per
 

curiam) ("double recovery is prevented in that the attorney

must refund the amount of the smaller fee to the claimant");

Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991);
 

Lopez v. Sullivan, 882 F.2d 1533, 1537-38 (10th Cir. 1989);
 

Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988). We find
 

nothing in the statutory language or history or in the case

law to suggest that a court is required to take the

additional steps proposed by Lubart--i.e., to parse the EAJA

and 206(b) applications on an hour-by-hour basis and remit

to the client only that portion of the smaller fee which is

encompassed by the larger.

 -3-

 Moreover, even if such an undertaking might be

appropriate in other contexts, it plainly was unwarranted

here. Of the 2.5 hours in question, 1.5 were devoted to

preparation of the 206(b) application. Time spent on

preparing and litigating a 206(b) application is not

compensable. See, e.g., Craig v. Secretary of HHS, 864 F.2d
 

324, 328 (4th Cir. 1989); Coup v. Heckler, 834 F.2d 313, 325
 

(3d Cir. 1987). The government objected to the application

on this ground (without rebuttal by Lubart), and it can be

fairly assumed that such time was not included in the

district court award.2 The remaining hour was devoted to

settlement of the earlier EAJA application. In contrast to 

206(b), such time is compensable under EAJA. See, e.g.,
 

Commissioner of INS v. Jean, 496 U.S. 154 (1990); Trinidad,
 

935 F.2d at 17. Given that Lubart and the government reached

a settlement as to the appropriate EAJA award (which afforded

Lubart 63 percent of his initial request), it cannot be said

with certainty that this time was not encompassed therein.

But even if not, it could have been. The fact that Lubart

chose not to include it in the EAJA request provides no

 

2. As requested by Lubart, the district court simply awarded
a flat sum (equivalent to 25 percent of claimant's past-due
benefits, see 206(b), less the amount awarded therefrom
 
under 206(a) for counsel's work before the agency). This
circumstance made it unnecessary to specify the number of
hours or the hourly rate.

 -4-

warrant for reducing the amount of reimbursement to his

client.

 Finally, we note that Lubart failed to raise this

specific argument before the district court. In two separate

submissions, he advanced two separate theories for

withholding a portion of the remittance from his client. The

theory he now proffers, however, was not one of them. See,
 

e.g., Mariani v. Doctors Associates, Inc., No. 92-1843, slip
 

op. at 7 n.4 (1st Cir. Jan. 11, 1993) ("We have repeatedly

warned that we will not entertain arguments made for the

first time on appeal.") 

 Affirmed.
 

 -5-