USCA1 Opinion

 

 March 22, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1734 FORTUNATO LOPES, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Richard W. Lubart on brief for appellant. _________________ A. John Pappalardo, United States Attorney, and William L. ___________________ __________ Parker, Special Assistant United States Attorney, on brief for ______ appellee. __________________ __________________ Per Curiam. Attorney Richard Lubart, having obtained an __________ award of Social Security benefits for his client (the plaintiff here), challenges an award of attorney's fees under 206(b) of the Social Security Act, 42 U.S.C. 406(b). The district court ordered that the entire 206(b) award of $4,353.25 be remitted by Lubart to his client, given the fact that a larger fees award had previously been granted to Lubart under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d). See, e.g., Pub. L. No. 99-80, 3, 99 ___ ____ Stat. 186, amending Pub. L. No. 96-481, 206 (codified as ________ note to 28 U.S.C. 2412) ("where the claimant's attorney receives fees for the same work under both [ 206(b) and EAJA], the claimant's attorney [shall] refund[] to the claimant the amount of the smaller fee").1 Lubart now argues that he should be permitted to retain $304.43 of this award for himself--an amount corresponding to 2.5 hours which, he states, were not included in the earlier EAJA award. This argument fails for several reasons. Lubart misconceives the nature of the EAJA offset provision. As would appear plain from the statutory language ____________________ 1. As we explained in Trinidad v. Secretary of HHS, 935 F.2d ________ ________________ 13, 16 (1st Cir. 1991) (per curiam): "An award of fees under [ 206(b)] is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government." It is for this reason that an attorney may request fees under both provisions; "the EAJA compensation ... serves as a reimbursement to the claimant for fees paid out of the disability award." Id. ___ -2- quoted above, this mechanism requires simply that the smaller of the two fees awards be remitted to the client. The House Report accompanying the 1985 enactment made the point even more clearly: [T]he EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus, ... an attorney ___________ for a Social Security or SSI claimant would be ___________________________________________________ precluded from receiving both EAJA and Social ___________________________________________________ Security Act fees. Without this amendment it was ___________________ argued, "double dipping" was possible. Such double payments are inappropriate and deprive[] the plaintiff of the benefits intended by EAJA.... [T]he attorney [is permitted] to seek recovery under both authorizations. The attorney, however, ______________________ may keep the larger fee, but must return the amount ___________________________________________________ of the smaller fee to the claimant. ___________________________________ H. Rep. No. 99-120, at 20, reprinted in 1985 U.S.C.C.A.N. ____________ 132, 148-49 (emphasis added). See, e.g., Trinidad v. ___ ____ ________ Secretary of HHS, 935 F.2d 13, 16 (1st Cir. 1991) (per _________________ curiam) ("double recovery is prevented in that the attorney must refund the amount of the smaller fee to the claimant"); Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991); _______ ________ Lopez v. Sullivan, 882 F.2d 1533, 1537-38 (10th Cir. 1989); _____ ________ Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988). We find _____ _____ nothing in the statutory language or history or in the case law to suggest that a court is required to take the additional steps proposed by Lubart--i.e., to parse the EAJA and 206(b) applications on an hour-by-hour basis and remit to the client only that portion of the smaller fee which is encompassed by the larger. -3- Moreover, even if such an undertaking might be appropriate in other contexts, it plainly was unwarranted here. Of the 2.5 hours in question, 1.5 were devoted to preparation of the 206(b) application. Time spent on preparing and litigating a 206(b) application is not compensable. See, e.g., Craig v. Secretary of HHS, 864 F.2d ___ ____ _____ ________________ 324, 328 (4th Cir. 1989); Coup v. Heckler, 834 F.2d 313, 325 ____ _______ (3d Cir. 1987). The government objected to the application on this ground (without rebuttal by Lubart), and it can be fairly assumed that such time was not included in the district court award.2 The remaining hour was devoted to settlement of the earlier EAJA application. In contrast to 206(b), such time is compensable under EAJA. See, e.g., ___ ____ Commissioner of INS v. Jean, 496 U.S. 154 (1990); Trinidad, ___________________ ____ ________ 935 F.2d at 17. Given that Lubart and the government reached a settlement as to the appropriate EAJA award (which afforded Lubart 63 percent of his initial request), it cannot be said with certainty that this time was not encompassed therein. But even if not, it could have been. The fact that Lubart chose not to include it in the EAJA request provides no ____________________ 2. As requested by Lubart, the district court simply awarded a flat sum (equivalent to 25 percent of claimant's past-due benefits, see 206(b), less the amount awarded therefrom ___ under 206(a) for counsel's work before the agency). This circumstance made it unnecessary to specify the number of hours or the hourly rate. -4- warrant for reducing the amount of reimbursement to his client. Finally, we note that Lubart failed to raise this specific argument before the district court. In two separate submissions, he advanced two separate theories for withholding a portion of the remittance from his client. The theory he now proffers, however, was not one of them. See, ___ e.g., Mariani v. Doctors Associates, Inc., No. 92-1843, slip ____ _______ _________________________ op. at 7 n.4 (1st Cir. Jan. 11, 1993) ("We have repeatedly warned that we will not entertain arguments made for the first time on appeal.") Affirmed. _________ -5-