**Frank VOLPE, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83–1808–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

May 28, 1985.

Marvin J. Kristal, Miami, Fla., for plaintiff.

Judy K. Hunt, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION GRANTING ATTORNEY'S FEES

SPELLMAN, District Judge.

This cause is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

For the reasons stated below, the Court adopts the Recommendation of the United States Magistrate Peter L. Nimkoff and awards Plaintiff attorney's fees in the amount of $2,512.50.

Claimant was a brick layer and laborer for 25 years until an industrial accident in 1974 when he was granted disability due to a herniated disc. Disability benefits continued until the Social Security Administration advised the Claimant of their termination in February, 1982. Review of this decision of termination led to a hearing on July 21, 1982, before Administrative Law Judge James P. Henry. Judge Henry found that the Claimant was disabled due to degenerative disc disease, osteoarthritis of the lumbar spine and lumbar radiculopathy. He also found the Claimant disabled by reason of severe pain caused by the above impairment, and that this pain was supported by the medical and clinical evidence.

On its own motion, the Appeals Council reviewed the decision of Judge Henry and found the Claimant was not disabled. The Appeals Council concluded the Claimant had a severe impairment that would preclude him from performing work involving heavy lifting or other strenuous activity; however, he had the capacity to perform work of at least a light level of exertion. The Appeals Council was of the opinion that Claimant's subjective complaints of pain were not sufficient to establish that there was a physical or mental impairment. The Council noted that a claimant will never be found "disabled" based on symptoms, including pain, unless medical signs or findings show that there is a medical condition that could reasonably be expected to produce those symptoms. (TR 10).

The Appeals Council also reviewed the clinical and laboratory findings contained in the various reports of record and found they did not support the opinion of total disability or the degree of limitation indicated in the physical capacities evaluation. The Council disregarded the opinions of Claimant's treating physicians and opined the credible clinical findings did not indicate that the Claimant's impairment would have caused the degree of pain and limitation alleged. Thus, the Claimant was found to be no longer disabled.

Subsequently, Claimant filed a Motion for Summary Judgment and accompanying Memorandum of Law with this Court and on April 12, 1984, Magistrate Nimkoff filed his Findings and Recommendations. Judge Nimkoff recommended that the Order of the Appeals Council be reversed, and benefits be restored. This Court adopted the Report and Recommendations of the Magistrate on June 8, 1984. Claimant now seeks attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A) which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court

finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

■ Under the Equal Access to Justice Act fees will be awarded unless the Government can show its position was substantially justified or special circumstances make an award unjust. *Matthews v. United States*, 713 F.2d 677, 682 (11th Cir.1983). The test for whether the Government action was "substantially justified" is one of reasonableness. *Id.* In the present case, the Government has not sustained its burden of showing that its position was substantially justified.

■ Without any substantial basis the Appeals Council rejected the credibility findings made by the Administrative Law Judge. The Council completely dismissed the Administrative Law Judge's finding that Claimant's subjective evidence of pain as testified to by Claimant was corroborated by objective medical evidence. The Council found that a claimant will not be found disabled on symptoms of pain without the medical condition to substantiate those symptoms.

The position taken by the Appeals Council ignores this Circuit's recent decisions. Both the Fifth and Eleventh Circuits have emphatically rejected the notion that, in order to be disabling, subjective claims of pain must be supported by objective medical evidence or by clinical or laboratory findings. *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir.1982); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982); *Smith v. Schweiker*, 646 F.2d 1075, 1082 (5th Cir.1981). Since subjective complaints of pain alone have been held to give rise to a disability, the Appeals Council erred in completely dismissing the opinions of Claimant on the basis that they were not objectively supported by medical evidence.

■ In reaching its conclusion that the Claimant was not disabled, the Council dismissed the opinion of total disability expressed by one of Claimant's treating orthopedic surgeons and the physical capacities evaluation completed by another treating physician. Not only may the Council not set its own expertise against that of a physician, *Gober v. Matthews*, 574 F.2d 772, 777 (3rd Cir.1978), but before medical testimony can be rejected, the Appeals Council must point to some other evidence contradicting it, and to other expert opinion as to whether the Claimant is able to work. *Rossi v. Califano*, 602 F.2d 55, 58 (3rd Cir.1979). This the Appeals Council has failed to do. The Council here disregarded precedent, and the Government's attempt to uphold this denial on review is clearly not justified. Thus, this Court finds Claimant is entitled to fees and other expenses incurred in this litigation.

Title 28, United States Code, Section 2412(d)(2)(A) provides in pertinent part:

[A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings is involved, justifies a higher fee.

Claimant seeks attorney's fees for a total of 33.50 hours to be calculated at a rate between $100 to $125 per hour. Although this Court has the power to adjust the hourly rate of $75, this Court finds that there has neither been a cost of living increase or a special factor shown to warrant the Court deviating from the $75 announced by Congress. This Court rejects Claimant's position that the attorney's experience and knowledge of community practices qualify as a "special factor." The Claimant is misguided in relying on *Hornal v. Schweiker*, 551 F.Supp. 612 (M.D.Tenn. 1982) since that case concerned whether or not the fee arrangement of the claimant and his counsel had any bearing on the application of the prevailing market rate figure of $75. Congress has found $75 to be the prevailing market rate, and 28 U.S.C. § 2412 requires Claimant show cause why a higher figure than $75 should be used. Claimant has failed to meet this burden. Thus, this Court finds attorney's fees should be computed at $75 per hour.

The Government takes exception with the total amount of time Claimant's counsel indicates he spent on this matter. First, the Government notes that Claimant's counsel asserted his practice is 30% Social Security work. Next, the Government points to the brevity in Claimant's brief, the limited reliance on case law, and the lack of novel issues. Additionally, the Government objects to the three hours itemized in preparation for the petition of attorney's fees. The Government asserts these three hours do not come under the statutory language of "reasonable costs ... necessary for preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). The Government requests this Court reduce the number of hours to a maximum of 20 hours or less at a rate not to exceed $75.

Claimant's counsel has filed a sworn affidavit where he asserted the actual time spent in the representation of Claimant subsequent to the Appeal Council's affirmation of the Administrative Law Judge's decision was 33.50 hours. The hours asserted were particularly itemized, and this Court finds that 33.50 is not an unreasonable figure.

The Government contends that the three hours spent on the preparation of the petition for attorney's fees should not be included in any attorney's fees this Court might award. The Government is incorrect. Title 28 United States Code Section 2412(d)(2)(A) reads:

> 'fees and other expenses' includes reasonable expenses ..., which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney's fees.

The Government seeks this Court construe the statute to allow only for attorney's fees for time spent actually on the social security award of the Claimant. However, a plain reading of the statute shows the legislature was referring to reasonable expenses when using the phrase "preparation of a party's case." Along with providing for reasonable costs incurred in the preparation of the party's case, the legislature also provided for attor-

ney's fees. The Government has failed to cite authority, and this Court finds no basis upon which to construe the statute as strictly as the Government wishes. Therefore, the three hours spent on Claimant's Motion for Attorney's Fees shall be included for a total sum of 33.50 hours.

For all of the above reasons, the decision of the Magistrate is hereby adopted, and the Claimant's Motion for Attorney's Fees is granted. The Claimant is awarded a total sum of $2,512.50, which amount represents 33.50 hours at $75 per hour.