**Richard S. RUSSELL,**
**Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 89–35258.**

United States Court of Appeals, Ninth Circuit.

April 24, 1991.

---

William A. Anderson, Seattle, Wash., for plaintiff-appellant.

Gary J. Thogersen, Dept. of Health and Human Services, Seattle, Wash., for defendant-appellee.

Before WALLACE, PREGERSON and D.W. NELSON, Circuit Judges.

## ORDER

Attorney for plaintiff–appellant Russell petitions this court for permission to charge attorney fees pursuant to Section 406(b) of the Social Security Act. Russell applies for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). We award fees under both statutes.

## I. BACKGROUND

The action underlying the fee applications first came before this court in 1989 when Russell appealed a denial of disability benefits. Russell applied for disability benefits after being hit by a car and sustaining severe hip injuries. The Secretary of Health and Human Services denied the benefits. An Administrative Law Judge ("ALJ") found that although Russell had

permanent physical impairments which prevented him from returning to work as an electrician, he was not totally disabled within the meaning of the Social Security Act. The district court affirmed the Secretary's denial of benefits.

We reversed. In an unpublished disposition filed June 29, 1990, 905 F.2d 1541, the majority held that the ALJ's findings were not supported by substantial evidence, and ordered that the case be returned to the Secretary for an award of disability benefits. We concluded the ALJ improperly discredited Russell's testimony that he could only sit forward for twenty minutes without suffering pain. In addition, we found that, in formulating a pivotal hypothetical question to a vocational expert regarding Russell's employability, the ALJ erroneously omitted both Russell's pain testimony and the treating physician's diagnosis.

## II. THE FEE AWARDS

### A. *Social Security Act*

Section 406(b) of the Social Security Act provides that a court may award attorney's fees in a civil action brought to recover past-due benefits under Title II of the Act, not to exceed 25% of total past-due benefits. 42 U.S.C. § 406(b)(1); *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984). The fees are paid out of, rather than in addition to, the benefits award. *Id.*

The Secretary has no objection to awarding the full 25% of the benefits award requested by counsel in this case. The Secretary merely notes that the correct fee award (based on a corrected past-due benefits amount) is $7,407.75, rather than the $7,580.36 requested by Russell's attorney. We award the corrected fee accordingly.

### B. *Equal Access to Justice Act*

Pursuant to the EAJA, we are required to award Russell fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *see also Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir.1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

In this case, the ALJ based his conclusion that Russell was not disabled on the testimony of a vocational expert. The expert's testimony was based on a hypothetical posed by the ALJ regarding Russell's employability. In formulating the hypothetical, however, the ALJ deliberately excluded Russell's testimony that he could not sit forward longer than twenty minutes without suffering pain. The ALJ also disregarded the uncontroverted opinion of Russell's treating doctor regarding Russell's ability to sit for prolonged periods, without stating any reason for doing so.

Hypothetical questions posed to a vocational expert must set out *all* the limitations and restrictions of the particular claimant, including pain and an inability to engage in certain activities. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). If the assumptions in the hypothetical are not supported by the record, the vocational expert's opinion that a claimant is capable of working has no evidentiary value. *Id.; Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir.1984).

Here, the vocational expert's opinion, based upon a hypothetical that omitted significant limitations on Russell's ability to sit for prolonged periods, had no evidentiary value. *See Embrey*, 849 F.2d at 422; *Gallant*, 753 F.2d at 1456. Moreover, the expert's testimony directly contradicted Russell's treating physician's diagnosis and Russell's own pain testimony. Because the ALJ's conclusion lacked any evidentiary support, the Secretary has failed to show his position in this matter was substantially justified. *See Wolverton*, 726 F.2d at 583; *cf. Albrecht v. Heckler*, 765 F.2d 914, 916

(9th Cir.1985) (district judge did not abuse his discretion in finding government's position substantially justified where, despite ALJ's failure to state reasons for relying on nontreating physician's recommendations, some evidence supported government's position). Accordingly, we conclude that the claimant is entitled to a fee award under the EAJA.

While we find the fee award proper under the law of this circuit, we note that numerous courts outside our circuit have awarded EAJA fees in similar situations. *See, e.g., Taylor v. Heckler,* 835 F.2d 1037, 1043 (3rd Cir.1987) (no substantial justification where ALJ denied benefits based on personal observations at hearing despite claimant's complaints of back pain and treating physicians' uncontradicted evidence); *McKinnon v. Bowen,* 664 F.Supp. 195, 197–98 (E.D.Pa.1986) (no justification where Secretary rejected treating physicians' opinions and ALJ posed hypotheticals that excluded restrictions regarding claimant's subjective symptoms); *Hutchinson v. Heckler,* 612 F.Supp. 264, 270–71 (E.D.Wis.1985) (no justification where uncontested medical evidence showed claimant was unable to engage in sustained sitting, standing or walking); *Volpe v. Heckler,* 610 F.Supp. 144, 146 (S.D.Fla.1985) (no justification where Appeals Council dismissed claimant's pain testimony as unsupported by medical evidence and dismissed treating physicians' conclusions). *See also Warner v. Bowen,* 648 F.Supp. 1409, 1411–12 (S.D.Fla.1986); *Dunn v. Heckler,* 614 F.Supp. 45, 48 (E.D.N.C.1985). These decisions, although not binding, support our conclusion that a fee award is appropriate in this case.

■ Russell's attorney has requested an EAJA fee award of $5,841.31. This figure represents 54.5 hours of work at an hourly rate of $107.18. Under 28 U.S.C. § 2412(d)(2)(A) and the law in this circuit, attorney fee awards under the EAJA shall not exceed $75 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher

fee. *Ramon–Sepulveda v. INS,* 863 F.2d 1458, 1462 (9th Cir.1988).

Russell's attorney contends that he is entitled to fees in excess of $75 per hour because the cost of living has increased substantially since Congress enacted the EAJA in October of 1981. In *Ramon–Sepulveda,* we agreed that inflation between 1981 and 1988 justified an hourly rate of $94 under the EAJA, and awarded fees accordingly. 863 F.2d at 1464. We arrived at the $94 per hour figure by multiplying the $75 cap by the most recent consumer price index for urban consumers, then dividing by the consumer price index figure in October, 1981, the date that the $75 cap was imposed by Congress. 863 F.2d at 1463 fn. 4, 1464 fn. 6. Applying that formula here, we find that Russell's attorney is entitled to the requested hourly rate of $107.18, and a total fee award of $5,841.31.[1]

■ Finally, we note that an award of fees under both statutes does not amount to double recovery for the attorney. *Wolverton,* 726 F.2d at 582; *Wells v. Bowen,* 855 F.2d 37, 42 (2d Cir.1988); *Pribek v. Secretary, Dept. of Health and Human Services,* 717 F.Supp. 73, 76 (W.D.N.Y. 1989). The award under § 406(b) of the Social Security Act merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services. *See Wells,* 855 F.2d at 41. The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs. *Id.* at 42.

SO ORDERED.

---

1. $75/\text{hour} \times \dfrac{129.9}{90.9} = $107.18/\text{hour}$ where 129.9 = June 1990 CPI and 90.9 = CPI in 1981 (figures supplied by Russell's attorney).