**Kimberly BUCKMASTER, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–35190.

D.C. No. CV–98–06356–DJH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2001 \*\*.

Decided Dec. 10, 2001.

---

\* Larry G. Massanari, as Acting Commissioner of the Social Security Administration, is substituted for his predecessor in office under Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

MEMORANDUM ***

Plaintiff Kimberly Buckmaster appeals the district court's order remanding her application for Social Security disability insurance benefits to the Commissioner of Social Security for further consideration. She contends that we should reverse the district court's order, and direct that her application for benefits be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291, and remand for further proceedings.

Buckmaster is a male to female transsexual who filed an application for SSI benefits, claiming that she is disabled due to various psychological disorders. Her application was denied initially and upon reconsideration. After a hearing, an Administration Law Judge ("ALJ") determined that Buckmaster was not disabled and, therefore, not entitled to disability insurance benefits. The Appeals Council declined review.

Buckmaster sought review in the district court. The district court affirmed the ALJ in most respects, but held that the ALJ had failed to address Dr. Sally J. Grosscup's finding of a major depressive disorder.[1] The court remanded the case for further consideration of Dr. Grosscup's opinion.

On appeal to this court, Buckmaster argues that the ALJ improperly disregarded, and the district court failed to properly credit, the medical opinions of Drs. Grosscup, Kurlycheck, and Rogers. Additionally, Buckmaster contends that the ALJ misapplied the statute's durational requirement for disability. Finally, Buckmaster contends that the ALJ's hypothetical questions to the vocational expert were legally

1. The district court judge adopted the findings and recommendations of the magistrate judge.

deficient. We address each contention in turn.

## The Medical Opinions

Buckmaster's first argument is that the ALJ improperly disregarded the medical opinions of Drs. Grosscup, Kurlycheck, and Rogers, and that the district court erred by failing to credit them.

■ The ALJ may reject a treating or examining physician's uncontradicted medical opinion only for "clear and convincing" reasons. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995). "Even if the treating [or examining] doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing." *Id.* (internal quotation marks and citations omitted). " '[W]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion "as a matter of law." ' " *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.) (*quoting Lester,* 81 F.3d at 834), *cert. denied,* 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000). There are three medical opinions at issue here.

### A. Dr. Sally J. Grosscup

Dr. Grosscup, a licensed psychologist, diagnosed Buckmaster as having a major depressive disorder, transvestite fetish, and schizotypal personality disorder. Dr. Grosscup also concluded that Buckmaster "is not ... capable of seeking and maintaining ... a normal employment situation due to [her] extreme discomfort with people, [her] bizarre presentation and potentially psychotic state." The ALJ rejected Dr. Grosscup's conclusions and diagnoses. We affirm the district court's holding that this rejection was legally erroneous because it was not based on clear and convincing reasons.

■ Buckmaster contends that the district court should have credited the opinion as true. We agree with Buckmaster. An improperly rejected medical opinion becomes true as a matter of law. *See Harman,* 211 F.3d at 1178; *Lester,* 81 F.3d at 834. On remand, the ALJ must accept Dr. Grosscup's conclusions and diagnoses.

### B. Dr. Diane E. Rogers

Dr. Rogers was Buckmaster's treating psychologist. Therefore, her opinion may be rejected only for "clear and convincing" reasons. *See Lester,* 81 F.3d at 830.

Dr. Rogers diagnosed Buckmaster as having a personality disorder, major depression, anxiety . disorder, and gender identity disorder. Dr. Rogers concluded that Buckmaster had been disabled during the entire two years that she had treated her.

The ALJ rejected Dr. Rogers' opinion for two reasons. First, the ALJ found that Dr. Rogers' opinion, expressed in her February 20, 1997 letter, was "inconsistent with the longitudinal history recorded in her counseling record [specifically, her May 16, 1996 mental status report]." A review of the February 20, 1997 letter and the May 16, 1996 mental status report, however, does not reveal any inconsistency. Although the ALJ quoted a portion of the May 16, 1996 mental status report stating that Buckmaster is "capable of learning new tasks, understanding and remembering information and to do work-related activities," the report also stated that Buckmaster suffered from anxiety, depression, sleeping and eating difficulties, loneliness, boredom, isolation, lack of energy, and social withdrawal.

The ALJ's second reason for rejecting Dr. Rogers' opinion was that Dr. Rogers misstated the findings of Dr. Kurlycheck. According to the ALJ, Dr. Rogers stated in her February 20, 1997 letter that she

was in agreement with Dr. Kurlycheck's diagnosis of major depression; but, commented the ALJ, Dr. Kurlycheck never diagnosed major depression. This comment mischaracterizes Dr. Rogers' letter. She did not state that she was in agreement with *Dr. Kurlycheck's* diagnosis of major depression. What she said was that she concurred "with all of the major conclusions and observations made by Dr. Kurlycheck." Then, in a separate paragraph, she summarized her *own* four diagnoses, one of which was major depression. The fact that the four diagnoses described in Dr. Rogers' letter are *her* diagnoses, and not Dr. Kurlycheck's diagnoses, is also supported by Dr. Rogers' testimony at the hearing.

Because the ALJ failed to provide clear and convincing reasons for rejecting Dr. Rogers' opinion, on remand that opinion must be credited and accepted as true.

### C. Dr. Robert T. Kurlycheck

Dr. Kurlycheck conducted a clinical interview and administered psychological tests to Buckmaster. Dr. Kurlycheck diagnosed Buckmaster with, *inter alia,* gender identity disorder, adjustment disorder with depressed mood, and personality disorder. Dr. Kurlycheck also found that Buckmaster had "marked" limitations regarding: (1) her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and (2) her ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes.

As noted by the district court, the ALJ did not expressly discredit Dr. Kurlycheck's opinion. Indeed, the ALJ acknowledged Dr. Kurlycheck's opinion that "[t]his individual's ability to seek and maintain gainful employment is seriously compromised." However, the ALJ did not offer any explanation for not incorporating Dr. Kurlycheck's assessment of Buckmaster's limitations in the hypotheticals posed to the vocational expert. Despite acknowledging Dr. Kurlycheck's opinion, the ALJ seemed to ignore it. Because the ALJ failed to give clear and convincing reasons for not accepting Dr Kurlycheck's opinion, that opinion, on remand, must be credited and accepted as true.

### The Durational Requirement

In order to be considered disabled, Buckmaster's disability must have "lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ found that Buckmaster failed to meet the durational requirement because her limitations were not present for any continuous 12–month period. In stating this conclusion, the ALJ misapplied the durational requirement. Even if a disability has not lasted for 12 months, the durational requirement is satisfied if the disability can be *expected* to last for 12 continuous months. In addition, the ALJ ignored the opinions of Drs. Grosscup, Kurlycheck, and Rogers, all of whom stated that Buckmaster's limitations had lasted or were expected to last at least 12 continuous months. Because the ALJ misapplied the legal standard, and ignored the medical opinions of Drs. Grosscup, Kurlycheck, and Rogers without giving clear and convincing reasons for doing so, we remand with instructions that the ALJ accept those opinions and conclude that Buckmaster satisfies the 12–month durational requirement.

### *Hypothetical Questions*

■ Buckmaster contends that the ALJ's hypothetical questions to the vocational expert were legally deficient. We

agree. "Hypothetical questions posed to a vocational expert must set out all the limitations and restrictions of the particular claimant, including pain and an inability to engage in certain activities. If the assumptions in the hypothetical are not supported by the record, the vocational expert's opinion that a claimant is capable of working has no evidentiary value." *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir.1991) (citation omitted). Here, the ALJ's hypothetical questions were legally deficient because they did not incorporate the limitations assessed by Drs. Grosscup, Kurlycheck, and Rogers.

Specifically, both Drs. Grosscup and Kurlycheck independently found that Buckmaster was either "markedly limited" or "moderately limited" with respect to (1) her ability to work in coordination with or proximity to others without being distracted by them, (2) her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, (3) her ability to interact appropriately with the general public, (4) her ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and (5) her ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.

On remand, the ALJ must include the limitations expressed by both Drs. Grosscup and Kurlycheck, and the diagnoses provided by Dr. Rogers, in his hypothetical questioning of the vocational expert.

### Remand For Further Proceedings Is Appropriate

█ Buckmaster argues that, in light of the ALJ's errors, we should remand for an immediate payment of benefits, rather than for further proceedings. We disagree. Remand for an immediate payment of benefits is warranted only if "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman*, 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292).

█ As explained above, the first element of this test is satisfied because the ALJ improperly rejected medical opinions which should be credited as a matter of law. However, even if such opinions are credited, it is not clear from the record that Buckmaster will be entitled to benefits as a matter of law. Indeed, "[i]n cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits." *Harman*, 211 F.3d at 1180.

We therefore remand this case to the district court for remand to the Commissioner of Social Security for further consideration of Buckmaster's application for benefits. Buckmaster shall have and recover her costs on appeal.

REMANDED for further proceedings.