**Gary H. MOON, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART,\* Commissioner, Social Security Administration, Defendant—Appellee.**

No. 01–35636.

D.C. No. CV–00–06219–KI.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2001 \*\*.

Decided Jan. 8, 2002.

---

\* Jo Ann Barnhart is substituted for Larry G. Massanari, pursuant to Fed. R.App. Pro. 42(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL and FARRIS, Circuit Judges.

### MEMORANDUM ***

Gary Moon appeals the district court's decision upholding the Commissioner's denial of his application for supplemental security income benefits. He contends that the ALJ erred by (1) refusing to credit his testimony that he was disabled; (2) rejecting the opinions of two examining psychologists that his impairments rendered him unemployable; and (3) fashioning a vocational hypothetical that failed to include all of his impairments. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### DISCUSSION

1. *Moon's Testimony*

■ In this circuit, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *See Smolen v. Chater,* 80 F.3d 1273, 1281

(9th Cir.1996). Here, the ALJ relied on (1) medical opinions of three doctors who stated that Moon suffered "from no more than 'moderate' limitations in function," (2) evidence of "a possible exaggeration of psychological symptoms," (3) the fact that Moon had not sought treatment of his impairments, (4) Moon's inconsistent testimony regarding his claimed physical limitations; and (5) inconsistencies between Moon's claimed limitations and "his own description of his daily activities." These are sufficient reasons, supported by substantial evidence, to justify the ALJ's rejection of Moon's claim of disability. *See id.* at 1284.

2. *Examining Psychologists*

■ Dr. Edelmann examined Moon and offered that he was "unemployable" without vocational rehabilitation. The ALJ rejected that conclusion, reasoning that Dr. Edelmann's specific findings of moderate limitations and moderate social and occupational dysfunctioning did not support a finding that Moon could not be employed. Moreover, the ALJ noted that two other consulting psychologists also reviewed Moon's medical records, including Dr. Edelmann's evaluation, and each concluded that Moon's mental limitations would not prevent him from performing simple, routine or repetitive tasks with limited public contact. Finally, the ALJ explained that Dr. Edelmann's conclusion regarding Moon's employability would be discounted because it was based primarily on Moon's lack of employment skills rather than on his mental condition and also because it was offered for Moon's eligibility for state welfare programs and not within the meaning of "disability" under the Social Security Act. These are "specific, legitimate, clear and convincing reasons" that

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

are supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995).

Moon was also examined by Dr. Sharon Beickel. She recommended that Moon "be given a determinate period of disability . . . ." The ALJ rejected that recommendation. As the district court noted, the ALJ did so because Dr. Beickel's assessments of Moon's limitations were inconsistent with those made by Dr. Edelmann, by other reviewing psychologists, and even by Moon's behavior at the hearing. The ALJ also noted that Moon had never requested psychological treatment and that there was evidence he exaggerated his symptoms and problems. Finally, the ALJ offered that Dr. Beickel's conclusions were largely based on Moon's own reporting of his difficulties and were inconsistent with Moon's descriptions of his daily activities. Again, these are specific, legitimate, clear and convincing reasons. Although Moon raises colorable arguments regarding some of the ALJ's reasoning, there remains ample justification for the ALJ's decision not to accept Dr. Beickel's recommendation. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.").

3. *Vocational Hypothetical*

■ An ALJ can rely on a vocational expert's response to hypothetical questions as a means to determine whether a claimant can engage in gainful employment. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162–63 (9th Cir.2001). Such questions must, however, "set out all the limitations and restrictions of the particular claimant, including pain and an inability to engage in certain activities." *See Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir.1991). Moon argues that the hypothetical question posed in this case was inadequate because it failed to include limitations on the use of his right hand. The ALJ is not required, however, to include limitations not supported by substantial evidence in the record. *See Osenbrock*, 240 F.3d at 1164–65. As the district court noted, Moon's claim that he cannot use his right hand is inconsistent with his testimony. Although Moon testified that he may sometimes "drop things" with his right hand, he also indicated that he could grip a pencil "forever" and that he routinely engages in activities that require gripping and handling large and small items, "including splitting wood, working on cars, cleaning, mopping and sweeping."

■ Moon also argues that the hypothetical question was deficient because it failed to include all of the mental assessments made by Drs. Edelmann and Beickel. We agree that the ALJ's summation of those assessments could have been more detailed and accurate. Nonetheless, we agree with the district court that the ALJ's condensation of the medical evidence, although simplified, was sufficiently accurate to allow the vocational expert to assess Moon's capacity to do work. Moreover, it is clear that the vocational expert was not asked the questions in total isolation from the record. The ALJ specifically directed the expert to "consider the agency assessment and its record" when addressing the hypothetical. Thus, we agree with the district court that "[t]he vocational expert answered an appropriate hypothetical question based on substantial evidence in the record."

AFFIRMED.