**Regina KILMURRAY Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, et al., Defendants—Appellees.**

No. 01–35872.

D.C. No. CV–00–05138–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided March 10, 2003.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before REINHARDT, W. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM *

Appellant Regina Kilmurray appeals the order of the district court reversing and remanding for an additional administrative hearing regarding Social Security disability benefits for Larry Silva, now deceased. We reverse and remand with instructions to direct the Social Security Commissioner to award Kilmurray the benefits claimed, as well as fees pursuant to 28 U.S.C. § 2412(d)(1) and 42 U.S.C. § 406(b).

We review a district court's decision whether to remand for further proceedings or for the payment of benefits for an abuse of discretion. *See Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.2000). Because 1) the ALJ failed to provide legally sufficient reasons for rejecting the relevant evidence, 2) there are no outstanding issues that must be resolved before making a determination of disability, and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence properly credited, *id.*, a remand for the award of benefits is required here.

First, with respect to both Silva's subjective pain testimony and the lay testimony, the Commissioner conceded, and the district court found, error relating to the ALJ's failure to credit that evidence. Silva's pain testimony and lay witness testimony must be credited as a matter of law. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988).

Second, the ALJ's reasons for rejecting the opinion of Dr. Tullus, Silva's treating physician, were not supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). As already noted, the ALJ's adverse determination regarding Silva's excess pain testimony was erroneous. It follows, then, that it was also error for the ALJ to use Silva's report regarding his pain as the reason for discrediting Dr. Tullus's opinion and diagnosis. Silva's then-treating physician properly relied on his pain statements in concluding that Silva was not capable of performing any work. In view of our earlier findings, Dr. Tullus's opinion must be credited as a matter of law. *See Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989).

Had the ALJ properly credited the evidence in question, Silva would have been considered "disabled" as defined by the Social Security Act. 42 U.S.C. § 423(d)(2)(A). Given these circumstances, we conclude that the district court erred as a matter of law in remanding for further proceedings rather than for an immediate award of benefits. An error of law is an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

In addition, Kilmurray seeks fees as a "prevailing party" pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1), and the Social Security Act, 42 U.S.C. § 406(b). We hold that Kilmurray is a prevailing party entitled to appropriate fees because the Commissioner's position was not substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569–70 (9th Cir.1995). We note that an award of fees under both statutes does not amount to double recovery for the attorney. "The award under § 406(b) of the Social Security Act merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services." *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir.1991). An award, however, necessitates computation based upon an itemized statement. Kilmurray may file an appropriate statement with the district court within 30 days of this order. § 2412(d)(1)(B).

REVERSED and REMANDED with instructions.

GOULD, J., dissenting.

I respectfully dissent believing that the district court did not abuse its discretion in ordering a remand for further administrative proceedings instead of awarding a payment of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.2000) (holding that a remand for further administrative proceedings is proper when there are "outstanding issues that must be resolved before a determination of disability can be made.") In my view, outstanding issues that should be resolved before making a determination of disability include a further assessment of conflicting medical testimony upon proper standards. At this point, it is premature for our court to foreclose further proceedings.