MEMORANDUM **
Karen Bain appeals a district court judgment rejecting her challenge to the Commissioner’s decision denying her claim for social security benefits. Bain argues that the administrative law judge (“ALJ”) erred by: (1) basing the step-five determi *545 nation on a hypothetical to the vocational expert (“VE”) that failed to include all of the limitations enumerated by the ALJ in the residual functional capacity (“RFC”) finding; (2) improperly discrediting opinions from a number of medical sources, including (a) an examining physician, (b) state agency physicians, and (c) a nurse practitioner; (3) discrediting lay witness testimony; and (4) discrediting Bain’s testimony regarding the extent of her impairment. The facts are known to the parties and we do not repeat them here. For the reasons enumerated below, we reverse the district court’s judgment and remand to the agency for additional findings.
1. Omission of Limitations Contained in the RFC Finding
An ALJ must include all of the claimant’s limitations and restrictions supported by substantial evidence in the hypothetical to the VE; otherwise, the VE’s opinion regarding work capabilities “has no evi-dentiary value.” Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir.1991), abrogated, on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir.2001). Bain argues that the following limitations contained in the ALJ’s RFC finding were erroneously omitted from the hypothetical posed to the VE: (1) a limitation to work entailing frequent balancing, crouching, crawling, and climbing of ramps, and occasional stooping; (2) a limitation to work entailing occasional pushing and pulling; and (3) a limitation to work involving simple tasks. The government argues that a failure to include these limitations was harmless error. See Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.2006) (stating that an error is harmless when it is “inconsequential to the ultimate nondisability determination”).
Although the VE mentioned that jobs might exist at the sedentary level, and although pushing and pulling limitations might not have an effect on sedentary jobs, the jobs that the VE actually identified are not sedentary. In fact, all of the jobs that the VE enumerated, and thus the jobs on which the ALJ relied in making the step-five determination, are classified as light work. See Dictionary of Occupational Titles, U.S. Dep’t of Labor, 706.684-022, 726.687-010, 739.687-030, 753.687-038 (4th ed., rev.1991). The definition of light work encompasses some jobs that do not require pushing and pulling, but also includes jobs that require “constant pushing and/or pulling of materials.” See id. 706.684-022.
We cannot conclude that the omission of a pushing and pulling limitation is inconsequential to the disability determination when there is evidence that all of the jobs enumerated by the VE could require the exact pushing and pulling limitations found by the ALJ — and the Commissioner has failed to provide any evidence to the contrary. Because the omission of pushing and pulling limitations was not harmless, we remand to the ALJ for additional findings based on all of the limitations supported by substantial evidence in the RFC finding.[1]
2. Medical Opinions
a. Dr. Birney
Bain first argues that the ALJ erred in failing to incorporate the limitations identified by Dr. Birney in his opinion. Dr. Birney, a consultative examining psychologist, identified the following limitations: *546 (1)a slight impairment in Bain’s ability to understand, remember, and carry out detailed instructions; (2) a moderate impairment in her ability to interact with the public, supervisors, and co-workers; and (8) a moderate impairment in her ability to respond appropriately to work pressures and changes in a usual work setting. The ALJ specifically credited these limitations in his opinion, but failed to include them in the RFC finding or the hypothetical to the VE. In addition to the limitations already included in the RFC finding, the ALJ must also address these limitations on remand.
Bain also argues that the ALJ erred in discrediting Birney’s brief conclusion that Bain could not sustain work over time due to mood swings. The ALJ rejected this conclusion because Birney had seen Bain on only one occasion and because portions of Birney’s testing indicated that she had exaggerated her symptoms. Because Birney saw Bain only once, his conclusions regarding the nature, duration, and frequency of Bain’s mood swings were based primarily on information that Bain provided. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). Moreover, the results of Bain’s personality testing support the ALJ’s conclusion that Bain exaggerated her claims.[2] We find that the reasons provided by the ALJ are supported by substantial evidence and sufficient for discrediting Birney’s opinion with regard to Bain’s ability to sustain work over time.
b. State Agency Physicians
Evidence from state agency consultant physicians must be treated as “expert opinion evidence”; thus, the ALJ “may not ignore these opinions and must explain the weight given to these opinions in their decisions.” Soc. Sec. Ruling 96-6p. Here, the ALJ failed to discredit or incorporate the limitations enumerated by state agency consultant Frank Lahman, including that Bain was moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors and moderately limited in her ability to respond appropriately to changes in the work setting. Accordingly, on remand the ALJ must also address these limitations.
c. Nurse Stout
The ALJ did not err in discrediting the opinion of treating nurse practitioner Deborah Stout. Although Stout consults with a psychiatrist every two weeks and participates in a peer supervision group with a psychologist, this is not the type of physician supervision that our case law requires in order to consider a nurse practitioner an acceptable medical source. See Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.1996) (holding that a nurse practitioner’s opinion constituted an acceptable medical source where the nurse “worked closely under the supervision” of the doctor such that the nurse was “acting as an agent” of the doctor). Because Stout is not an acceptable medical source, the ALJ had only to provide “germane” reasons for discrediting her opinion. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993). We conclude that the reasons provided by the ALJ were germane to her testimony.
3. Lay Witnesses
If the ALJ discounts the testimony of lay witnesses, “he must give reasons that are germane to each witness.” Id. The reasons enumerated by the ALJ for discounting the opinions of Judith P. Niland *547 and Deac Guidi were germane to their testimony.
4. Bain’s Credibility
In considering a claimant’s symptom testimony, an ALJ must engage in a two-step analysis: a claimant “must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged,” Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996) (internal quotation marks omitted), and then if there is no evidence of malingering, “the ALJ may reject the claimant’s testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so,” id. at 1284.
The ALJ pointed to medical evidence, unexplained failure to seek treatment, normal techniques for evaluating credibility, and activities in Bain’s life that were inconsistent with the extent of her claims of disability. The ALJ provided clear and convincing reasons for discounting the extent of Bain’s complaints, supported by substantial evidence.
Bain argues that the ALJ applied an improper standard in stating that Bain’s activities are “inconsistent with an allegation of disabling fatigue and inability to perform all work activity.” However, the ALJ was not holding Bain to a heightened standard, but merely opining that the evidence in the record was inconsistent with the extent of Bain’s allegations.
For these reasons, we REVERSE the district court’s judgment and REMAND to the agency for additional proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we are remanding to the Commissioner for consideration of all of Bain’s limitations — including a limitation to do “simple” tasks — we leave it to the Commissioner to determine whether or not Bain's functional abilities preclude work involving level-two General Educational Development reasoning.

. As noted below, the ALJ also provided other clear and convincing reasons for discrediting the extent of Bain's complaints.