**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANA HANNA KAKOS, | No. 10-55173 |
| Plaintiff-Appellant, | D.C. No. 09-cv-0290 - H (CAB) |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted November 7, 2011
Pasadena, California

Before: SCHROEDER and LEAVY, Circuit Judges, and GILLMOR, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Helen W. Gillmor, United States District Judge for the
District of Hawaii, sitting by designation.

Plaintiff-Appellant Hana Hanna Kakos appeals the district court's granting of summary judgment in favor of the Social Security Administration Commissioner.

We review *de novo* a district court's summary judgment upholding an administrative law judge's ("ALJ") denial of social security benefits. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The ALJ's disability determination will be affirmed unless it is based on legal error or it was not supported by substantial evidence. *Id.*; 42 U.S.C. §§ 405(g), 1383(c)(3).

Kakos first argues that the ALJ erred by not fully developing the administrative record. A claimant for social security benefits carries the burden of proving she is disabled. 42 U.S.C. § 423(d)(5)(A); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). When the evidence in the record is vague or ambiguous, the ALJ has a duty to develop the record to resolve the ambiguity. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). When the record allows the ALJ to evaluate the evidence and make a disability determination based on substantial evidence, the ALJ is under no obligation to further develop the record. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). In the present case, three physicians conducted independent personal evaluations of Kakos and

four non-examining physicians reviewed Kakos's medical records. All seven physicians concluded that Kakos was not disabled. The record before the ALJ was substantial and unambiguous. *See Tonapetyan,* 242 F.3d at 1149 (physician's independent examination may constitute substantial evidence); *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (non-examining physician's opinion may constitute substantial evidence when opinion is consistent with independent evidence in record). The ALJ was under no obligation to develop the administrative record further. *See Mayes*, 276 F.3d at 459-61.

Kakos also argues that the ALJ posed an improper hypothetical question to the vocation expert at the administrative hearing. When an ALJ uses a vocation expert to determine which jobs the claimant is able to preform, hypothetical questions "must 'set out *all* the limitations and restrictions of the particular claimant.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991)). Here, the ALJ's hypothetical question to the vocation expert properly incorporated Kakos's physical and mental limitations.

The ALJ's disability determination was based on substantial evidence and did not contain legal error. The district court properly granted summary judgment in favor of the Commissioner.

**AFFIRMED**.