**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BARBARA WEBBER,

       Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 14-35312

D.C. No. 2:13-cv-00890-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted October 5, 2016
Seattle, Washington

Before: W. FLETCHER, FISHER, and N.R. SMITH, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Barbara Webber appeals from a denial of supplemental security income under Title XVI of the Social Security Act.[1]  She alleges that the Administrative Law Judge ("ALJ") improperly discounted testimony from her and her examiners, which then allowed the ALJ to pose to the vocational expert an incomplete hypothetical that omitted her reports of daily crying.  Because the ALJ's errors in finding Ms. Webber not credible raise serious doubts as to whether there was substantial evidence for denial of benefits, we reverse the district court and remand to the ALJ.

We must uphold the Social Security Administration's disability determination unless it contains legal error or is not supported by substantial evidence.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. §§ 405(g), 1383(c)(3).  If a claimant has produced objective medical evidence of an impairment, and if the ALJ did not find "affirmative evidence" of malingering, "the ALJ can reject the claimant's testimony about the severity of her

---

[1]  Appellant's excerpts of record were filed under seal in this Court in 2014 pursuant to a notice of filing under seal rather than a motion for permission to seal, based solely on the fact that the documents had been sealed in the district court pursuant to local rule.  As of April 4, 2016, Interim Ninth Circuit Rule 27-13(a) provides that documents in social security cases, including administrative records, are not filed under seal in this Court, though they are otherwise restricted pursuant to Fed. R. App. P. 25(a)(5) and Circuit Rule 5.2(c).  To the extent that this disposition addresses matters contained in the previously sealed excerpts of record, we hereby unseal the excerpts with respect to that information.

symptoms only by offering specific, clear, and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Many of the ALJ's factual and legal bases for discrediting Ms. Webber's testimony and evidence were in error:

1. The ALJ asserted that Ms. Webber had only begun complaining of depression "a couple of weeks before she filed her SSI application" in September 2010. However, the record contains a depression diagnosis in November 2009.

2. The ALJ found that Ms. Webber did not indicate any problems with memory in her first and second function reports. However, Ms. Webber indicated in the first function report that she "sometimes" needed help or reminders to take medicine and stated in the second report that she needed "special reminders to take care of personal needs and grooming" and "reminders taking medicine."

3. The ALJ found inconsistency between Ms. Webber's testimony that she did not shop or do laundry and statements in her function reports that "she did both." But any change in these capacities between the function reports and the hearing can be explained by a deteriorating condition over time. Moreover, what Ms. Webber actually said in the first function report was that "she could clean and wash clothes when "able"—not that she did so regularly.

4. The ALJ found inconsistency between Ms. Webber's testimony that she did not dress her grandchildren for school and her earlier statement that she did so. However, Ms. Webber testified at her hearing that she did not help her grandchildren get ready for school "any more" because at the ages of five and six, they could "pretty much dress themselves."

5. The ALJ cited Ms. Webber's statements about having a very busy weekend as evidence that "claimant is more active than she portrayed." However, daily activities may only "be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (internal citations and quotation marks omitted). The record shows that Ms. Webber spent her days primarily watching TV, reading, and visiting the doctor. Our case law would not permit discrediting a claimant on these facts. *See id.* (stating that "reading, watching television, and coloring in coloring books are activities that are so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace"); *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (holding that a claimant's ability to "go grocery shopping with assistance, walk approximately an hour in the malls, get together with her friends, play cards, swim, watch television,

and read . . . does not in any way detract from her credibility as to her overall disability").

6. The ALJ found inconsistencies in Ms. Webber's reports of suicidal ideation. But in each cited instance, Ms. Webber was only reporting her mental state at different times. She told Dr. Widlan that she once had suicidal ideations but did not at the time. She told Neighborcare a few months later that she was having thoughts of suicide. Several months after that, she reported to Dr. Parker that she did not have suicidal ideations at present. Because the reports dealt with different times, they were not inconsistent.

Ms. Webber concedes that she was inconsistent in her reports to her healthcare providers concerning her marijuana use. We have said that "conflicting or inconsistent testimony concerning alcohol use can contribute to an adverse credibility finding." *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 884 (9th Cir. 2006); *see also Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). However, in this case, the ALJ did not use inconsistent reports of drug use as a basis for finding Ms. Webber generally incredible, but instead used the failure to report marijuana use as a basis for discrediting Dr. Widlan's report. Because we review only the reasons provided by the ALJ and may not affirm the ALJ based on a ground upon which she did not rely, *see Connett v. Barnhart*, 340 F.3d 871, 874

5

(9th Cir. 2003), we cannot affirm the ALJ's adverse credibility finding based on this inconsistency.

The errors above warrant remand because Ms. Webber's case turned upon the ALJ's adverse credibility finding. Absent this finding, the ALJ could not have omitted Ms. Webber's reported crying spells from her hypothetical. *See Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991) ("Hypothetical questions posed to a vocational expert must set out *all* the limitations and restrictions of the particular claimant, including pain and an inability to engage in certain activities."). Because the vocational expert testified that someone who routinely but unpredictably cried several times a day would face prohibitive difficulty maintaining employment, the ALJ would have had to award benefits had she found the claimant credible.

On remand, the ALJ must render a new credibility finding in conformity with Social Security Ruling 16-3p (effective March 28, 2016), which states that "[i]n evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." The ALJ should reconsider, as appropriate, the weight assigned to certain third-party medical opinions that had earlier been discounted due to Ms. Webber's perceived lack of credibility.

**REVERSED** and **REMANDED**.