NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH PAUL HOUGAS,

      Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant - Appellee.

No. 24-5650

D.C. No.
3:23-cv-08572-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 17, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

    Kenneth Paul Hougas appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability benefits

and supplemental income. We review the district court's decision de novo and "set

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). Substantial evidence is "'more than a mere scintilla.' . . . It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Hougas states that the Administrative Law Judge ("ALJ") erred in her consideration of the medical opinions of two doctors, Dr. Valpiani and Dr. Meier, who treated Hougas. For claims filed before March 27, 2017, an ALJ must consider how much weight to assign medical opinions based on various factors, including the consistency of the opinion with the record. 20 C.F.R. §§ 404.1527(c), 416.927(c). An ALJ may reject treating and examining doctors' opinions for "clear and convincing" reasons if uncontradicted and for "specific and legitimate" reasons if contradicted. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Contrary to Hougas's assertion, the ALJ properly considered Dr. Valpiani's opinion in the residual functional capacity ("RFC") determination. The ALJ weighed Dr. Valpiani's note that Hougas "had a diagnosis of depressive disorder"

against Dr. Valpiani's own finding that any depressive disorder was "stable," Hougas's denials that he was depressed, and contradictory evidence that "the consultative examiner made no diagnosis as the claimant was neither depressed nor anxious." Elsewhere, the ALJ considered Dr. Valpiani's opinion in finding that further limitations beyond the RFC are unnecessary "as the claimant reported only minor limitations in activity" and stated that Dr. Valpiani's clinical findings were "largely normal" and inconsistent with Hougas's purported inability "to walk, sit, or lift."

With respect to Dr. Meier, we find that the ALJ properly evaluated Dr. Meier's opinion in the residual functional capacity determination. The ALJ concluded that Dr. Meier's opinion did not provide any functional limitations, was contradicted in part by other record evidence, and that Dr. Meier's physical examination and proposed course of treatment were consistent with the ALJ's RFC. These are "clear and convincing" as well as "specific and legitimate" reasons for giving Dr. Meier's opinion little weight, and they are supported by substantial evidence. *See Ford*, 950 F.3d at 1154.

2. Hougas states that the ALJ's hypothetical question to a vocational expert ("VE") did not cover at least one of his most significant limitations, oxygen dependency. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("Hypothetical questions posed to a VE must 'set out *all* the limitations

and restrictions of the particular claimant.'" (quoting *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir.1991))). But the ALJ's hypothetical question properly accounted for Hougas's limitations, including those associated with his oxygen dependency. When posing the hypothetical, the ALJ specifically instructed the VE to consider certain limitations "due to the oxygen." The ALJ also enumerated what the ALJ considered to be Hougas's oxygen-related limitations of "no work near open flames," "no extreme non-weather-related heat," and no "flammable chemicals." Because "[t]he ALJ adequately accounted" for Hougas's use of oxygen "in [her] construction of [his] RFC and in the hypothetical [she] presented to the VE," the ALJ's hypothetical properly "reflect[ed] all of the claimant's limitations." *Bray*, 554 F.3d at 1228.

3. Hougas argues that the ALJ improperly discounted his subjective complaints. The Social Security Act and regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), 416.929(a). Rather, an ALJ must assess the limiting effects of a claimant's impairments by determining whether his descriptions of his symptoms are consistent with evidence in the record. 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). An ALJ may discount the claimant's subjective complaints when they are inconsistent with objective medical evidence. 20 C.F.R. § 404.1529(c)(4); *Smartt*, 53 F.4th at

498.

The ALJ identified several inconsistencies in Hougas's subjective complaints. Hougas offers an interpretation of the record evidence that supports his subjective complaints—but does not undermine the ALJ's rational alternative interpretation of the record. We therefore uphold the ALJ's conclusion. *Ford*, 950 F.3d at 1154 (9th Cir. 2020) ("If the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (internal quotation marks and citation omitted)).

**AFFIRMED.**